IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JIMMIE CLELLAND**                                                                                          **PLAINTIFF**

**VERSUS**                                                  **CAUSE NO.:** 1:23cv364 HSO-BWR

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY;
J. MYERS PLUMING, LLC, a Mississippi
Limited Liability Company; and
JOSEPH MYERS, individually;
and ENTITY X, Y, AND Z**                                                                               **DEFENDANTS**

NOTICE OF REMOVAL

TO:   Honorable Judges of the United States District Court
       for the Southern District of Mississippi, Southern Division

**COMES NOW**, the Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereinafter "State Farm"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, would respectfully show this Court as follows:

I.

Plaintiff filed his Complaint against the Defendants on October 24, 2023, in the Circuit Court of Harrison County, Mississippi, First Judicial District, said action designated as *Jimmie Clelland v. State Farm Mutual Automobile Insurance Company, J. Myers Pluming, LLC, a Mississippi Limited Liability Complaint, and Jospeh Myers, individually, and Entity X, Y*, and Z, Cause No. A2401-23-404 (hereafter referred to as the "State Court Action").

**II.**

State Farm was served with the Summons and Complaint on November 15, 2023. A copy of the Complaint filed in the Circuit Court of Harrison County, Mississippi, is included in the State Court Record, hereto as Exhibit "A," pursuant to 28 U.S.C. § 1446.

**III.**

Pursuant to 28 U.S.C. § 1446(b), the Defendant files this Notice of Removal within thirty (30) days of being served with Plaintiff's original Complaint in the State Court Action, which was the first pleading received by the Defendant, through service of process or otherwise, setting forth the claim for relief upon which such action is based.

**IV.**

The case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(b).

**PARTIES**

**V.**

In his Complaint, the Plaintiff pleads that he is an adult resident citizen of Harrison County, Mississippi.

**VI.**

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

VII.

Defendants J. Myers Plumbing, LLC ("J. Myers Plumbing") and Joseph Myers ("Myers"), whose citizenship should be disregarded for diversity purposes (as discussed further herein), are now and have at all relevant times been a Mississippi limited liability company and/or a citizen of the State of Mississippi. J. Myers Plumbing's sole member is Myers, a citizen of the State of Mississippi. *See* Annual Report, attached hereto as Exhibit "B." As fraudulently joined parties, J. Myers Plumbing and Myers are not required to join or consent to this removal. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (explaining that it would be "nonsensical" to require consent to removal by the improperly or fraudulently joined party because "removal in those cases is based on the contention that no other proper defendant exists"); *see also Jenkins v. Farmington Cas. Co.,* 979 F. Supp. 454 (S.D. Miss. 1997) ("[I]t is not necessary that the allegedly fraudulently joined defendant join with the other defendants in the removal petition.") (citing *Moore v. Interstate Ins. Co., et al.,* 717 F.Supp. 1193, 1195 (S.D. Miss. 1989)).

## DIVERSITY OF CITIZENSHIP

VIII.

This Court has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. §1332. As required by the first prong of the jurisdictional statute, there is complete diversity of citizenship between the *properly* joined parties. As noted above, Plaintiff is a citizen of Mississippi and State Farm is a citizen of Illinois. The citizenships of J. Myers Plumbing and Myers, as fraudulently joined parties, are

irrelevant and should be disregarded for diversity purposes. Similarly, the naming of the fictional parties should not be considered in evaluating the existence of diversity jurisdiction.

## AMOUNT IN CONTROVERSY

### IX.

The second prong of 28 U.S.C. § 1332 is also met as the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges he has sustained injuries to his leg, neck, and head. *See* Exhibit "A" at p. 5, ¶ 13. Furthermore, Plaintiff seeks damages for "all monetary damages incurred by Plaintiff," "all consequential and incidental damages incurred by Plaintiff," interest, costs and attorney's fees. *See* Exhibit "A" at pp. 9-10. Additionally, Plaintiff seeks to recover against State Farm punitive, extra-contractual, and compensatory damages, along with pre and post judgment interest and attorney's fees. *See* Exhibit "A" at p. 10.

### X.

Given the nature and extent of Plaintiff's allegations, the "matter in controversy" unquestionably exceeds the $75,000 jurisdictional limit of this Court. And, even if this were not the case, Plaintiff's claim for punitive damages is sufficient to meet the jurisdictional limit of this Court. *See, e.g., Brasell v. Unumprovident Corp.*, 2001 WL 1530342, *2 (N.D. Miss. Oct. 25, 2001) ("[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount

necessary for federal jurisdiction.") (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)); *Montgomery v. First Family Financial Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion in the case at bar that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages….").

## FRAUDULENT JOINDER

### XI.

Removal of this action is proper because Plaintiff fraudulently joined J Myers Plumbing and Myers to this action. "A non-diverse defendant is improperly joined if '(1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Woods v. State Farm Fire & Cas. Co.*, 2022 WL 4545607, *3 (S.D. Miss. Sept. 28, 2022) (citing *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021)). This Court has explained:

> In determining whether the plaintiff has a cause of action against the non-diverse defendant in state court, the Court should consider whether the plaintiff had any possibility of recovery against the non-diverse defendant in state court at the time of removal. The inquiry is virtually identical to the inquiry on a motion to dismiss for failure to state a claim.

*Id.* (citations and punctuation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Witherspoon v. Waybourn*, 2022 WL 2188530, *1 (5th Cir. June 17, 2022)). "The Court must view the facts in the light

most favorable to the plaintiff; however, the Court need not strain to find inferences favorable to plaintiffs nor accept conclusory allegations, unwarranted deductions, or legal conclusions." *Id.* (citations and punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## XII.

In the present case, Plaintiff's Complaint fails to state claims against J. Myers Plumbing and Myers, evidencing fraudulent joinder. Plaintiff's only factual allegation related to J. Myers Plumbing and Myers is that Plaintiff occupied a vehicle owned by J. Myers Plumbing at the time of an automobile collision with an unnamed individual. *See* Exhibit "A" at p. 4, ¶ 7. Plaintiff does not allege that J. Myers Plumbing or Myers did or did not do anything that caused the subject collision or Plaintiff's injuries. *See* Exhibit "A." Plaintiff also does not assert any legal claim against J. Myers Plumbing or Myers. *See* Exhibit "A." Rather, he only alleges breach of contract and "bad faith" breach of contract by State Farm in relation to his claim for uninsured motorist benefits. *See* Exhibit "A" at pp. 8-10. Accepting all of Plaintiff's allegations as true, Plaintiff fails to state any viable or even plausible claim against J. Myers Plumbing and Myers. *See Howard v. ABN AMRO Mortg. Group, Inc.*, 2014 WL 1237317, *2 (S.D. Miss. Mar. 26, 2014) (graining motion to dismiss where plaintiff failed to state any factual allegations against named party). Because Plaintiff has not and cannot establish a cause of action against J. Myers Plumbing and Myers, the Court should find that Plaintiff

fraudulently joined them. The Court should further disregard their citizenships in determining the existence of diversity jurisdiction.

## XIII.

The Court should also disregard the citizenships of the fictional Defendants named ENTITY X, Y, and Z. This Court has explained that "the citizenship of fictitious unnamed defendants is disregarded for the purpose of determining whether removal was proper." *Hare v. City Finance Co.*, 269 F. Supp. 2d 766, 771 (S.D. Miss. 2003) (citing 28 U.S.C. § 1441(a)). As a result, the inclusion of ENTITY X, Y, and Z in the Complaint does not destroy diversity jurisdiction.

## **CONCLUSION**

## XIV.

This action is removable pursuant to 28 U.S.C. §1441(a) and §1446(b), as amended, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiff's counsel as required by law. State Farm submits that it is the only properly joined Defendant in this action. The citizenships of the other named Defendants should be disregarded, and the Court should exercise diversity jurisdiction over this action.

## XV.

Pursuant to the requirements of 28 U.S.C. § 1446(b), a Notice of Filing, attaching a copy this Notice as an exhibit thereto, will be filed with the Circuit Clerk of Harrison County, Mississippi.

WHEREFORE, PREMISES CONSIDERED, Defendant, State Farm respectfully submits this Notice of Removal from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. Defendant further requests any additional relief to which it may be entitled.

**DATED:** December 14, 2023.

    Respectfully submitted,

    BRYAN, NELSON, SCHROEDER,
    CASTIGLIOLA & BANAHAN, PLLC
    Attorneys for Defendant,

    **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

    BY: /s/ Calen J. Wills
        **CALEN J. WILLS (MSB 104271)**
        **MICHAEL R. MOORE (MSB 104505)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No. (228) 762-6631
Fax No. (228)769-6392
calen@bnscb.com
michael@bnscb.com

## CERTIFICATE OF SERVICE

I, **CALEN J. WILLS**, one of the attorneys for the Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, do hereby certify that I have this date sent by electronic mail a true and correct copy of the forgoing <u>Notice of Removal</u> to:

Stephen W. Dummer<br>
Heath Michael Ladner<br>
DUMMER LAW GROUP, PLLC<br>
796 Howard Avenue, 1st Floor<br>
Biloxi, Mississippi 39530<br>
sdummer@dlg-pllc.com<br>
hladner@dlg-pllc.com

**DATED:** December 14, 2023.

                                    BY: /s/ Calen J. Wills
                                        **CALEN J. WILLS (MSB 104271)**

**BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
Email: calen@bnscb.com